64 F.3d 656
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COASTAL REFINING & MARKETING, INCORPORATED, Plaintiff-Appellee,
v.
JONESVILLE OIL COMPANY, INCORPORATED; Billy Carter; Lucy
C. Carter, Defendants-Appellants.
 No. 94-1835.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1995.
Decided Aug. 18, 1995.
 
 ARGUED: Thomas Lee Rasnic, RASNIC & RASNIC, Jonesville, VA, for Appellants. Henry Smith Keuling-Stout, KEULINGSTOUT, P.C., Big Stone Gap, VA, for Appellee. ON BRIEF: Deborah E. Wolin, Houston, TX, for Appellee.
 Before WILKINSON and LUTTIG, Circuit Judges, and G. ROSS ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an action on an account and guarantee. After hearing all the evidence, the district court granted the plaintiff's motion for judgment as a matter of law. We review the district court's decision to grant judgment as a matter of law de novo. In Re Wildewood Litigation, 52 F.3d 499 (4th Cir.1995). We affirm the district court.
 
 
 2
 The plaintiff Coastal Refining and Marketing, Incorporated (Coastal) sold motor fuel to the defendant Jonesville Oil Company, Incorporated (Jonesville Oil). The defendants Bill and Lucy Carter guaranteed the debts of Jonesville Oil and Bell County Oil Company (Bell County Oil). Bill and Lucy Carter own Bell County Oil. They guaranteed the obligations of Bell County Oil which were assigned to Jonesville Oil. This dispute concerns an unpaid account for fuel purchased from Coastal by Jonesville Oil.
 
 
 3
 On March 30, 1989, Bell County Oil entered a Facilities Access Agreement with Coastal. Under this agreement, Coastal issued Bell County Oil an access card which allowed Bell County Oil to pick up fuel from a local terminal. The terminal then billed the fuel to Coastal which charged Bell County Oil's account. Bill Carter signed the agreement as president of Bell County Oil.
 
 
 4
 On March 1, 1990, Bill Carter sent a letter to Coastal informing Coastal that Bell County Oil was changing its name to Jonesville Oil Company. The letter stated that "[t]his will be the only change in our business. The guarantor will remain the same.... There will be no change in ownership." The parties continued to operate under their original Facilities Access Agreement.
 
 
 5
 Coastal sent the Carters a guarantee agreement under the new name. The guarantee was returned to Coastal signed by both Bill and Lucy Carter. Lucy Carter admits signing the guarantee. Bill Carter denies signing the guarantee. However, the guarantee was sent to his place of business, signed by his wife, and returned with a signature resembling his. Furthermore, he and his company benefitted from the guarantee which he now denies signing. In addition, Bill Carter admits that he guaranteed the debts of Bell County Oil.
 
 
 6
 The guarantee agreement provides that the Carters are responsible for the payment of all indebtedness to Coastal incurred by Jonesville Oil Company, a Kentucky corporation. Bill and Lucy Carter maintain that they cannot be held on their guarantee because the guarantee they signed was for the Kentucky corporation Jonesville Oil and not the Virginia corporation Jonesville Oil. This defense has no merit.
 
 
 7
 Coastal supplied the Virginia corporation Jonesville Oil Company with fuel based on the Carters' guarantee and Bill Carter's letter. Jonesville Oil received gasoline from distribution terminals under the Facilities Access Agreement originally between Bell County Oil and Coastal. The Carters did not object to this arrangement until Coastal sought to enforce the Carters' guarantee.
 
 
 8
 The Virginia corporation Jonesville Oil Company and Bell County Oil are related businesses. Bill Carter's letter of March 1, 1990 clearly states that Jonesville Oil and Bell County Oil are merely different names for the same business. Jonesville Oil purchased fuel from Coastal under the agreement between Bell County Oil and Coastal. Therefore, Bill and Lucy Carter and Jonesville Oil Company are responsible for the debt to Coastal.
 
 
 9
 We affirm the district judge's grant of judgment as a matter of law in favor of the plaintiff.
 
 AFFIRMED